UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CR 10-1240-VBK | Date: February 18, 2011 |

Present: The Honorable    VICTOR B. KENTON, UNITED STATES MAGISTRATE JUDGE

Interpreter    N/A

| Roxanne Horan | | |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present  Cust.  Bond | Attorneys for Defendants: | Present  App.  Ret. |
|---|---|---|---|
| Sami Arshak Yanikian | | | |

**Proceedings:**    (IN CHAMBERS): NOTICE OF COURT'S INTENT TO VACATE UNDER SEAL FILING

On February 1, 2011, defendant filed a Motion to Dismiss for Pre-Accusation Delay ("Motion"), accompanied by a Memorandum of Points and Authorities, and a document entitled "Dr. Sami Yanikian's Memorandum and Declaration Describing Specific Instances of Non-Speculative Prejudice Caused by the Government's Delay" ("Memorandum and Declaration"), filed in camera. The in camera filing requested that if the Court rejected defendant's request to file the document under seal, the documents be returned to defendant and considered withdrawn.

Defendant filed this Memorandum and Declaration without an application to file under seal, as required by the Local Rules. (See Local Criminal Rule 57-1 and Local Civil Rule 79-5.)

In the Memorandum and Declaration, defense counsel asserts that it is being filed under seal in order to "protect the confidentiality of Dr. Yanikian's trial preparation and strategy." By doing so, however, defense counsel is, effectively, seeking to preclude the prosecution from presenting any argument or evidence which might be relevant to the Court's adjudication of the Motion. In a motion for dismissal based on pre-indictment delay, in order to establish a due process violation, a defendant must prove that he suffered actual, non-speculative prejudice from the delay. See United States v. Lovasco, 431 U.S. 783, 789, 97 S.Ct. 2044, 2048 (1977); United States v. Moran, 759 F.2d 777, 782 (9th Cir. 1985), cert. denied, 474 U.S. 1102, 106 S.Ct. 885 (1986). By definition, a defendant must demonstrate that evidence which might have been available if the criminal charges had been timely filed is no longer available, due to the unconstitutional delay in filing charges. The defendant must then demonstrate prejudice from the delay, which, essentially, means prejudice based on the absence of this probative evidence. If the evidence is unavailable, however, it certainly cannot form any part of an actual defense. For that reason, the Court fails to see how, by revealing evidence which is not available, and therefore not able to be utilized in presenting a defense, the defendant would be revealing actual trial strategy or an actual proposed defense to the prosecution. Further, if the Court were to allow the Memorandum and Declaration to be filed under seal, not only would the prosecution be deprived of its fair opportunity to rebut the defense contentions, either on a factual or legal basis, or both, but the Court would be placed in the position of making a constitutional ruling on an ex parte basis. None of the authorities cited by the defendant in the Memorandum and Declaration, or anywhere else in the Motion to Dismiss, stands for the proposition that in a motion to dismiss based on pre-indictment delay, a defendant may present evidence and argument in support of the "prejudice" prong in an ex parte manner.

For the foregoing reasons, the Court intends to vacate the filing of the Memorandum and Declaration.[1] The Court will allow both parties to file Points and Authorities on this issue no later than noon on February 22, 2011, with a courtesy copy delivered to chambers

---

[1] Defendant's suggestion that he would withdraw the documents if the Court were to reject the under seal filing is procedurally defective, because the document is now filed. The Court must vacate the filing, upon which the Clerk will return the document to defendant's counsel.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

concurrently.  The Court will then issue its decision.

**IT IS SO ORDERED**.

|  | : |  |
|---|---|---|
| Initials of Deputy Clerk | | RH |